ISAAC RINDGE, JR. *vs.* WILLIAM G. BRECK.

A negotiable promissory note, the consideration of which was an account for neces-
saries, is barred by a discharge in insolvency, under *St.* 1838, *c.* 163, although the
account would not have been, under *St.* 1848, *c.* 304, § 10, unless proved against
the estate.

A plaintiff's books of account and suppletory oath are not competent evidence
of the consideration of a promissory note.

ASSUMPSIT on a promissory note of which the following is a
copy :

" $33. Springfield, July 11, 1850. For value received, I
promise to. pay I. Rindge, Jr. or order, Thirty-three dollars
— cents on demand with interest."

In the court of common pleas, the defendant pleaded a dis-
charge under the insolvent law, *St.* 1838, *c.* 163, dated April
23, 1851, the first publication being October 11, 1850.

The plaintiff replied that the note was given for necessaries,
and was not proved against the estate of the defendant.
The plaintiff proved by the defendant's schedule of creditors
that the consideration of the note was merchandise, and
claimed the right to show that the account, in settlement of
which it was given, was for necessaries, and to prove this by
the books of the plaintiff, supported by his suppletory oath.

The defendant claimed that giving the note was a settle-
ment of the account, and constituted a new contract between
the parties ; that the books, settled and balanced, were incom-
petent, and that while no question was made by the defend-
ant, about the consideration of the note, the books and testi-
mony of the plaintiff could not be admitted. The presiding
judge, *Hoar*, J. for the purpose of settling the question of
fact, admitted the evidence. The defendant then put in a
receipted bill, which corresponded exactly with the entries
in the plaintiff's books. The verdict was for the plaintiff, and
the defendant excepted.

*E. W. Bond*, for the defendant.

*J. M. Stebbins*, for the plaintiff.

1. By *St.* 1848, *c.* 304, § 10,. no discharge of an insolvent
debtor shall bar any claim for necessaries, unless such claim
shall have been proved against his estate.

The terms of the statute are general, and would include as well the note, as the account for which it was given, unless by the mere substitution of a note for an account, the character of the original debt is changed.

2. The plaintiff's books were properly admitted to prove the specific items of the account. *Earle* v. *Reed*, 10 Met. 387.

SHAW, C. J. This action being brought on a promissory note, the defendant's discharge in insolvency was apparently a good bar to the action. The plaintiff offered to avoid that bar by force of the statute 1848, *c.* 304, § 10, which provides that a claim for necessaries shall not be barred by the certificate, unless it shall have been proved, and by showing in point of fact that this note was given for necessaries. This the plaintiff offered to prove by the production of his book of original entries, verified by his own oath ; and the court, before whom the action was tried, decided in favor of the plaintiff, on both points, to which the defendant excepted.

On the first point the court are of opinion that the simple contract debt was paid and discharged by the giving of the note. The rule is well settled in Massachusetts, that the giving of a negotiable promissory note is payment and a discharge of a simple contract debt, unless it appears that it was not so intended. *Maneely* v. *McGee*, 6 Mass. 143 ; *French* v. *Price.* 24 Pick. 13. In the present case, so far from appearing that it was not intended as payment, the original account is produced by the defendant, with a receipt of payment without qualification. This tends to show that the note was taken and received as cash. The plaintiff's claim then was on a promissory note, and not on an account for necessaries. It was a valid note, neither void nor voidable. This distinguishes it from *Earle* v. *Reed*, 10 Met. 387, and other cases, wherein a note is either void, as upon an illegal consideration, or voidable and in fact avoided, by one privileged to do so. It was taken by the plaintiff at his own election. By taking it he obtained the advantage of conclusive proof of his debt, and the power of negotiating it ; by retaining his original demand he would have had the advantage of proving his debt or retaining his cause of action against the debtor, in case of

his insolvency. But we think he could not retain both, and by electing one he relinquished the other.

On the other point too, the court are of opinion, that evidence of the party's book verified by his oath, ought not to have been received as competent evidence. It would be extending a rule of evidence peculiar to some of the New England states, greatly beyond any of the precedents. *Earle* v. *Reed*, 10 Met. 387, affords no authority. There a competent witness had testified that the specific note produced was given for an account, standing on the plaintiff's books, which were kept by the witness, and were before the parties when the note was given. It was on this ground that the book was admitted; the suppletory oath of the party was not admitted.

*Exceptions sustained; new trial in this court.*